# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER J. HANSON,**

      Petitioner,

      v.                                                                                          Case No. 20-CV-45

**BRIAN FOSTER,**

      Respondent.

---

## DECISION AND ORDER ON PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND MOTION TO APPOINT COUNSEL AND RULE 4 ORDER

Peter J. Hanson, who is currently incarcerated at the Waupun Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Hanson has also filed a motion for leave to proceed without prepayment of the filing fee (Docket # 5) and a motion to appoint counsel (Docket # 2). He has submitted a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the petition in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 6.)

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating, "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Hanson's affidavit and his prison trust account statement, I find that

he has insufficient assets to pay the $5.00 filing fee. Accordingly, Hanson's motion to proceed without prepayment of the filing fee (Docket # 5) is granted.

## RULE 4 ORDER

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Hanson alleges that his Sixth Amendment right to confrontation was violated when the State read inculpatory hearsay statements made by Hanson's deceased wife at trial. (Docket # 1 at 6–7.) Hanson also alleges that his Sixth Amendment right to the effective assistance of trial counsel was violated when his attorney failed to challenge his un-*Mirandized* custodial statements. (*Id.* at 7.) As Hanson's petition sets forth cognizable constitutional claims and he appears to have exhausted his state court remedies, summary dismissal under Rule 4 is not appropriate and the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

## MOTION TO APPOINT COUNSEL

Hanson also requests appointment of counsel. (Docket # 2.) The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" if counsel is asked to represent an indigent petitioner. 18 U.S.C. § 3006A(a)(2). "[D]ue process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas

relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir.2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt*, 503 F.3d. at 654–55. Hanson's motion is silent as to whether he has attempted to contact any attorneys regarding representation. Without more information (specifically, the names of the attorneys he has contacted who have refused to take his case), I cannot determine whether Hanson has made a reasonable attempt to obtain counsel on his own.

Even if Hanson had provided proof of his reasonable attempts to secure counsel on his own, I am not convinced that appointment of counsel would serve the interests of justice in this case. In determining whether to recruit counsel, I must conduct "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Hanson argues that he has never litigated without assistance from counsel and has insufficient legal knowledge to pursue this case on his own. (Docket # 2 at 2–3.) He further argues that he has limited access to legal materials at Waupun. (*Id.* at 2.) I agree that having counsel could be helpful to Hanson. Hanson is in custody and is not a lawyer. But this is true of nearly every prisoner who files a habeas petition. Yet, I cannot appoint counsel for every petitioner. *Pruitt*, 503 F.3d at 653, 655. In this case, Hanson appears from his filings to date to have a sufficient ability to communicate in writing. While Hanson is serving a lengthy sentence for first-degree intentional homicide, the issues he raises (ineffective assistance of counsel and violation of right to confront witnesses) are not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and Hanson's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. For these reasons, Hanson's motion to appoint counsel is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Hanson's motion for leave to proceed without prepayment of the filing fee (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hanson's motion to appoint counsel (Docket # 2) is **DENIED**.

**IT IS FURTHER ORDERED THAT** a copy of Hanson's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file her brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 31st day of January, 2020.

>BY THE COURT
>
>*s/Nancy Joseph*
>NANCY JOSEPH
>United States Magistrate Judge